## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

**LARRY DAVIS,**

      **Plaintiff,**

                                  **Civil Action 2:20-cv-1852**
                                  **Judge George C. Smith**
  **v.**                          **Chief Magistrate Judge Elizabeth P. Deavers**

**UNITED STATES POSTAL SERVICE,** *et al.*,

      **Defendants.**

### ORDER AND INITIAL SCREEN REPORT AND RECOMMENDATION

Plaintiff Larry Davis's request for leave to proceed *in forma pauperis* under 28 U.S.C. § 1915(a)(1) and (2) is **GRANTED**. (ECF No. 1.) Plaintiff is required to pay the full amount of the Court's $350 filing fee. 28 U.S.C. § 1915(b)(1).

Plaintiff's April 7, 2020, account statement reveals that he currently possesses the sum of $30.47 in his prison account, which is insufficient to pay the full filing fee. Pursuant to 28 U.S.C. § 1915(b)(1), the custodian of Plaintiff's inmate trust account (#A754429) at North Central Correctional Institution is **DIRECTED** to submit to the Clerk of the United States District Court for the Southern District of Ohio as an initial partial payment, 20% of the greater of either the average monthly deposits to the inmate trust account or the average monthly balance in the inmate trust account, for the six-months immediately preceding the filing of the Complaint.

After full payment of the initial, partial filing fee, the custodian shall submit 20% of the inmate's preceding monthly income credited to the account, but only when the amount in the

account exceeds $10.00 until the full fee of $350.00 has been paid to the Clerk of this Court. 28 U.S.C. § 1915(b)(2). *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

Checks should be made payable to: Clerk, United States District Court. The checks should be sent to:

> Prisoner Accounts Receivable
> 260 U.S. Courthouse
> 85 Marconi Boulevard
> Columbus, Ohio 43215

The prisoner's name and this case number must be included on each check.

It is **ORDERED** that Plaintiff be allowed to prosecute his action without prepayment of fees or costs and that judicial officers who render services in this action shall do so as if the costs had been prepaid. The Clerk of Court is **DIRECTED** to mail a copy of this Order to the prison cashier's office. The Clerk is further **DIRECTED** to forward a copy of this Order to the Court's financial office in Columbus.

This matter is also before the Court for an initial screen of Plaintiff's Complaint under 28 U.S.C. §§ 1915(e)(2), 1915A to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A. Having performed the initial screen of the Complaint required by 28 U.S.C. §§ 1915(e), 1915A, for the reasons that follow, it is **RECOMMENDED** that Plaintiff's Complaint be **DISMISSED** in its entirety.

Plaintiff, a state inmate who is proceeding without the assistance of counsel, brings this action against the "United States Post Office,"[1] located at 850 Twin Rivers Drive, Columbus,

---

[1] The Court has construed Plaintiff's complaint as having named the United States Postal Service ("USPS") as the Defendant. "Congress granted to the USPS the exclusive duty to create

Ohio 43215, and North Central Correctional Complex ("NCCC")[2].  (ECF No. 1.)  On the civil

cover sheet, Plaintiff has checked a box indicating that the nature of his suit is "Civil Rights" and

describes his cause of action as "civil rights of mail."  (*Id.*)  Plaintiff seeks relief of $37,000,000

"for the pain and mentel (sic) heath (sic) I have to go through."  (*Id.*)

## I.

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to

"lower judicial access barriers to the indigent."  *Denton v. Hernandez*, 504 U.S. 25, 31 (1992).

In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are

assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from

filing frivolous, malicious, or repetitive lawsuits.'"  *Id.* at 31 (quoting *Neitzke v. Williams*, 490

U.S. 319, 324 (1989)).  To address this concern, Congress included subsection (e)[3] as part of the

statute, which provides in pertinent part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been
> paid, the court shall dismiss the case at any time if the court determines that--
>
>         \*       \*      \*
>
> (B) the action or appeal--
>
> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or . . . .

---

and operate Post Offices with responsibility to accept and process mail, sell postal products, and,
of course, participate in the safe carriage of mail. *See* 39 U.S.C. § 404(a)(3)." *Cooper v. U.S.
Postal Serv.*, 577 F.3d 479, 492–93 (2d Cir. 2009).

[2] Plaintiff refers to NCCC as North Central Correctional Institution in his complaint.
NCCC is a facility operated by Management & Training Corporation ("MTC") for the Ohio
Department of Rehabilitation and Correction ("ODRC").  *See Combs v. Mgmt. & Training
Corp.*, No. 3:15CV2698, 2018 WL 3060001, at *1 (N.D. Ohio June 20, 2018).

[3] Formerly 28 U.S.C. § 1915(d).

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31.  Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted.

 To properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a).  *See also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)).  Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Thus, Rule 8(a) "imposes legal *and* factual demands on the authors of complaints."  *16630 Southfield Ltd*., *P'Ship v. Flagstar Bank*, *F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" is insufficient.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  A complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"  *Id.* (quoting *Twombly*, 550 U.S. at 557).  Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'"  *Id.* (quoting *Twombly*, 550 U.S. at 570).  Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct."  *Flagstar Bank*, 727 F.3d at 504 (citations omitted).  Further, the Court

4

holds *pro se* complaints "'to less stringent standards than formal pleadings drafted by lawyers.'"
*Garrett v. Belmont Cnty. Sheriff's Dep't.*, No. 08-3978, 2010 WL 1252923, at *2 (6th Cir. April
1, 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). This lenient treatment, however,
has limits; "'courts should not have to guess at the nature of the claim asserted.'" *Frengler v.*
*Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591,
594 (6th Cir. 1989)).

## II.

The entirety of Plaintiff's statement of claim, restated here verbatim, is as follows:

> On or about 3-03-2020, I had paid the sum of $6.90 for certified mail to go out to
> my family so I know it would get there and I paid for it out of my inmate Account
> when I called the party wich the certified mail went out too I asked if they recived
> the mail and was told no so on 3-09-2020 I sent out it again in the same way and
> same cost and as of 4-7-2020 the certified mail which I have paid for to be sent still
> have not been recived North Central Correctional states it's not in there hands and
> the United States Post Office states that they can't find both pices of mail This may
> cause me not to be able to move closer to home and see my family wich is my right
> Before the heath of my family member dose the worse and I paid for this mail to
> get there and now its lost somewhere

(ECF No. 1, at PAGEID #18.)

### A. Allegations directed to the USPS

As evidenced above, Plaintiff's allegations directed to the USPS are quite sparse. From
a generous read of Plaintiff's filing, the best the Court can glean is that he asserts that the
Columbus USPS branch located at 850 Twin Rivers Drive was responsible for the delivery of the
certified mail to his family. It failed to make such delivery and lost the pieces of mail. This
delivery failure may prevent Plaintiff from moving closer to home.

Plaintiff does not expressly state anywhere in his filing that he is proceeding pursuant to
42 U.S.C. § 1983. He merely indicates that he is asserting a civil rights cause of action relating

to the alleged failure of mail delivery. To the extent that Plaintiff's complaint can be construed as asserting a § 1983 claim against the USPS, the Court will begin its analysis there.

42 U.S.C. § 1983 permits the recovery of damages for constitutional violations by officers acting under color of state law. *Hernandez v. Mesa*, 140 S. Ct. 735, 747 (2020). "A § 1983 claim must present two elements: (1) that there was the deprivation of a right secured by the Constitution and (2) that the deprivation was caused by a person acting under color of state law." *Wittstock v. Mark A. Van Sile, Inc.,* 330 F.3d 899, 902 (6th Cir. 2003). Neither the United States nor its various federal agencies can be sued under § 1983 because they do not act under color of state law. *Franklin v. Henderson*, No. 00-4611, 2000 WL 861697, at *1 (6th Cir. June 20, 2001) ("The federal government and its officials are not subject to suit under 42 U.S.C. § 1983."); *Dillard v. United States Postal Serv.*, No. 15-2649-JDT-DKV, 2016 WL 4180022, at *3 (W.D. Tenn. Aug. 5, 2016) (citing *Franklin* in concluding that USPS was not subject to suit under § 1983). The USPS is an agency of the United States pursuant to the Postal Reorganization Act, 39 U.S.C. § 101 *et seq. See Dolan v. U.S. Postal Serv.*, 546 U.S. 481, 483, 126 S. Ct. 1252, 1255, 163 L. Ed. 2d 1079 (2006). Consequently, Plaintiff cannot pursue a § 1983 claim against the USPS. *Dillard,* 2016 WL 4180022, at *3.

A "'more limited'" "'federal analog'" to § 1983 exists and arises from *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388, (1971). *Hernandez at* 747 (quoting *Hartman v. Moore*, 547 U.S. 250, 254, n.2 (2006)). However, under *Bivens*, a plaintiff may not sue a federal agency itself or its agents named in their official capacities. *FDIC v. Meyer*, 510 U.S. 471, 484-86 (1994); *see also Ryan v. McDonald,* 191 F. Supp. 3d 729, 737 (N.D. Ohio 2016) (citing *Meyer* and holding that plaintiff could not sue the VA, a federal agency); *Rodriguez v. Hemit*, No. C16-778 RAJ, 2018 WL 3618260, at *3 (W.D. Wash. July 30, 2018) (citing *Meyer* and holding that

"A *Bivens* claim is not available against a federal agency. . . . This alone bars Plaintiff's *Bivens*

claims against the institutional Defendants 'U.S. Post Office. . . .'"). Consequently, Plaintiff also

is precluded from pursuing a claim against the USPS under *Bivens*, the federal counterpart to §

1983.

Finally, although Plaintiff's allegations are quite limited, it may be that he is attempting

to pursue a claim against the USPS under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§

1346(b), 2671 *et seq.,* claim based on the certified mail delivery failure. To the extent Plaintiff

seeks to sue the USPS under the FTCA, the Court has no jurisdiction over any such claim. The

USPS is immune from suit by the doctrine of sovereign immunity. *Dolan v. United States Postal*

*Serv.,* 546 U.S. 481, 484 (2006) (citing *Meyer,* 510 U.S. at 475); *see also Dillard v. United States*

*Postal Serv.*, No. 15-2649-JDT-DKV, 2016 WL 4180022 (W.D. Tenn. Aug. 5, 2016) (Although

the FTCA creates a limited waiver of sovereign immunity, the postal exemption, which would be

directly applicable here, generally provides immunity "'for injuries arising, directly or

consequentially, because mail either fails to arrive at all or arrives late, in damaged condition, or

at the wrong address.'").

For all of the above reasons, it is **RECOMMENDED** that the Court dismiss Plaintiff's

claim against the USPS for failure to state a claim.

### B. Allegations Directed to NCCC

If the above recommendation is adopted, NCCC, the institution in which Plaintiff

currently is incarcerated, will be the sole remaining defendant. NCCC is in Marion, Ohio.

Marion is located in the Northern District of Ohio. Consequently, venue in the Southern District

of Ohio would not be proper. *See* 28 U.S.C. § 1391. Under this circumstance, the Court has the

discretion to dismiss or, if it is in the interest of justice, transfer Plaintiff's claims against NCCC

to the Northern District. *See* 28 U.S.C. 1406(a).[4]  As set forth below, given the nature of

Plaintiff's claim against NCCC, the undersigned cannot conclude that it would be in the interest

of justice to transfer this case to the Northern District of Ohio. *See Stanko v. Fed. Bureau of*

*Prisons*, No. CIV.A. 09CV035-HRW, 2009 WL 1067295, at *4 (E.D. Ky. Apr. 21, 2009) (on

initial screen, court declined to transfer but dismissed without prejudice plaintiff's First and Fifth

Amendment claims because plaintiff failed to state a constitutional claim); *May v. Anthony*, No.

07-2549-JDB/DKV, 2008 WL 1984958, at *3 (W.D. Tenn. May 1, 2008) (on initial screen, court

declined to transfer and dismissed plaintiff's claim against doctor where plaintiff failed to

provide facts supporting Eighth Amendment violation).  Consequently, it is **RECOMMENDED**

that Plaintiff's claims against NCCC be dismissed.

As an initial matter, it is not clear that NCCC is a proper party to this action. NCCC is a

private facility operated by MTC.  *See Combs v. Mgmt. & Training Corp*., 2018 WL 3060001, at

*1. Other courts have concluded that similar MTC-owned and operated entities in Ohio are not

legal entities capable of being sued.  *See, e.g., Thome v. Lake Erie Corr. Med. Mgmt. & Training*

*Corp*., No. 1:11 CV 2581, 2012 WL 273612, at *2 (N.D. Ohio Jan. 27, 2012) (dismissing pro se

prisoner's claims under 1915(e) and stating that Lake Erie Correctional Institution was not a

legal entity capable of being sued because it was a facility owned and operated by MTC); *Picone*

*v. United States Marshal Serv*., No. 4:15CV2033, 2016 WL 5118303, at *4 (N.D. Ohio Sept. 21,

2016) (dismissing pro se prisoner's claim against private prison owned and operated by a private

corporation because prison was a non-jural entity); *Dimora v. Ne. Ohio Corr. Ctr*., No.

---

[4]  (a) The district court of a district in which is filed a case laying venue in the wrong
division or district shall dismiss, or if it be in the interest of justice, transfer such case to any
district or division in which it could have been brought.  28 U.S.C.A. § 1406.

4:14CV1221, 2015 WL 1119768, at *3 (N.D. Ohio Mar. 11, 2015) (dismissing pro se claims against NEOCC because it is a facility owned and operated by a private corporation and does not have a separate legal existence allowing it to sue or be sued).

More importantly, however, Plaintiff's allegations fail to suggest a constitutional violation giving rise to a claim under § 1983. The gist of Plaintiff's allegations directed to NCCC, as the Court understands them, is that he was told, in response to an informal complaint and grievance regarding the delivery failure of his outgoing mail, "that it was out of [their] hands" and that he was "given a print out that shows it was not delivered." Plaintiff does not attribute any affirmative conduct to NCCC concerning the alleged failure of the mail delivery other than, at most, that he was assessed and paid $13.80 in certified mail fees.[5] He does not identify any actions taken by individual NCCC officials. In fact, Plaintiff's only mention of any NCCC official appears on the form complaint is made in response to the question regarding what steps he took in the grievance process. There, he notes "the captain." Likewise, Plaintiff does not refer to any institutional policy impacting his mail.

There is no question that inmates have a First Amendment right to communicate with the outside world by sending and receiving mail. *Zink v. Cummings*, No. 2:17-CV-32, 2017 WL 2374508, at *2 (W.D. Mich. June 1, 2017) (citing *Thornburg v. Abbott,* 490 U.S. 401, 407 (1989)). Plaintiff's minimal allegations, however, do not include facts that might, under certain circumstances, trigger constitutional concerns. For example, Plaintiff does not allege interference with his outgoing mail. *See, e.g., Cancel v. Goord*, No. 00 CIV 2042 LMM, 2001

---

[5] A quick review of Plaintiff's trust fund account statement submitted with his *in forma pauperis* application confirms postage charges incurred consistent with the allegations of the complaint. The form's comments section relating to these charges contains the notation "virginia allen".

WL 303713, at *5 (S.D.N.Y. Mar. 29, 2001) (a prison official's interference with an inmate's mail may violate his First Amendment right to free speech, which includes the "right to be free from unjustified governmental interference with communication." *Brewer v. Wilkinson,* 3 F.3d 816, 820 (5th Cir. 1993)). Further, he does not assert that his outgoing certified mail was legal in nature or that he suffered any legal prejudice as a result of its non-delivery. *See, e.g. Davis v. Goord*, 320 F.3d 346, 351 (2d Cir. 2003) (holding interference with legal mail implicates a prison inmate's rights to access to the courts and free speech as guaranteed by the First and Fourteenth Amendments to the U.S. Constitution). Finally, he does not even assert that NCCC refused to send his mail. *See, e.g., Rodgers v. Hawley*, 14 F. App'x 403, 408 (6th Cir. 2001) (noting a prisoner has a First Amendment right to send mail). To the contrary, the crux of his allegations against the USPS assume that his outgoing mail was placed in the U.S. mail by NCCC.

Moreover, even if Plaintiff had made the types of allegations suggested above, he cites only two instances of alleged failed mail delivery. Limited instances of such occurrences typically do not rise to the level of constitutional violations. *See, e.g., McDonald v. Green River Corr. Complex*, No. 4:17-CV-P138-JHM, 2019 WL 1062389, at *4 (W.D. Ky. Mar. 6, 2019) (plaintiff failed to allege routine opening or interference with his mail and did not state a claim of constitutional proportion); *Edwards v. Horn*, No. 10 CIV. 6194 RJS JLC, 2012 WL 473481, at *6 (S.D.N.Y. Feb. 14, 2012), report and recommendation adopted, No. 10 CIV. 6194 RJS JLC, 2012 WL 760172 (S.D.N.Y. Mar. 8, 2012) (isolated failure to mail an inmate's letter does not state a constitutional violation); *Rinehart v. Beck*, No. 5:09-CT-3019-D, 2011 WL 52360, at *5 (E.D.N.C. Jan. 5, 2011) (four isolated incidents of mail mishandling do not rise to the level of a constitutional violation).

10

In sum, a fair reading of the very succinct complaint reveals that Plaintiff has alleged only the common inconvenience associated with incidents of lost mail. For this reason, he has failed to state a claim under 42 U.S.C. § 1983 against NCCC.

## III.

For the reasons explained above, it is **RECOMMENDED** that Plaintiff's Complaint be **DISMISSED** in its entirety. The Clerk is **DIRECTED** to send a copy of this order to the Ohio Attorney General's Office, 150 E. Gay St., 16th Floor, Columbus, Ohio 43215. It is **FURTHER RECOMMENDED** that the Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny Plaintiff leave to appeal *in forma pauperis*. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

## PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district

court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation).  Even when timely objections are filed, appellate review of issues not raised in those objections is waived.  *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

**IT IS SO ORDERED**.

Date: April 17, 2020                    */s/ Elizabeth A. Preston Deavers*
                                        **ELIZABETH A. PRESTON DEAVERS**
                                        **CHIEF UNITED STATES MAGISTRATE JUDGE**